IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WAUSAU HOMES, INC.,

               Plaintiff,

    v.

BASIA MENNING, BRADLEY J. MENNING
and PRIME DESIGN CONSTRUCTION, LLC,

               Defendants,

and

ACUITY, A MUTUAL INSURANCE COMPANY,

               Intervenor Defendant.

OPINION AND ORDER

17-cv-129-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Wausau Homes, Inc. brings this action for copyright infringement and breach of contract, seeking both damages and injunctive relief. Third party and mutual insurance company Acuity has filed a motion to intervene pursuant to Fed R. Civ. P. 24 (a) and (b), dkt. #12, seeking to participate in the lawsuit and obtain a judicial determination as to its duties to defend and indemnify defendant Prime Design Construction, LLC. None of the parties object to the intervention as proposed. Because Acuity has demonstrated sufficiently that intervention is proper, as further explained below, its motion to intervene is granted.

OPINION

According to its filings, Acuity issued a business policy covering defendant Prime Design Construction, LLC from September 2, 2016, through September 2, 2017. The policy includes both an agreement to indemnify and an agreement to defend Prime Design. Prime Design tendered the defense of this lawsuit, which was filed on February 22, 2017, to Acuity pursuant to their insurance contract. Reserving its rights, Acuity then hired counsel to represent defendant Prime Design and also retained separate counsel to contest insurance coverage for the allegations in this lawsuit. Dkt. #14, ¶¶ 2-4. Because there is an apparent dispute about the scope and application of the insurance contract to this case, Acuity now "seeks to establish whether there is insurance coverage for the allegations, or at the very least, what constitutes covered versus non-covered damages." Dkt. #13, at 4. More specifically, Acuity wants to move for a declaratory judgment to determine the extent of its indemnification obligations to defendant Prime Design. Acuity filed its motion to intervene on March 15, 2017, attaching its insurance policy and its proposed counterclaim and cross claim (seeking declaratory relief) as exhibits. Dkts. ##14-1 and 14-2. Neither defendant Prime Design nor any other party filed a response.

Under Federal Rule of Civil Procedure 24(a)(2), "the court must permit anyone to intervene who . . . [files a timely motion and] claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The court also, under Rule 24(b)(1)(B),

"may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." See also Security Insurance Company of Hartford v. Schipporeit, 69 F.3d 1377, 1380-81 (7th Cir. 1995); United States v. Thorson, 219 F.R.D. 623, 626-29 (W.D. Wis. 2003).

Based on its unopposed filings, Acuity appears to have a significant financial interest in this case that might be severely impeded by the prosecution of the lawsuit and is not adequately represented by the parties. Indeed, defendant Prime Design may be directly opposed to Acuity's interest and the other parties appear to be indifferent at best. Moreover, the motion here was timely because Acuity seems to have acted promptly once it learned of this lawsuit, and its intervention should not delay the proceedings or otherwise prejudice any of the parties. E.g., Thorson, 219 F.R.D at 626-28. Particularly because the parties have declined to file a response opposing intervention, I see no basis for inferring any prejudice. Thus, Acuity has made a prima facie showing to satisfy the standard for mandatory intervention under Rule 24(a)(2) and I will grant its unopposed motion to intervene. I need not consider whether permissive intervention would be appropriate under Rule 24(b).

Acuity maintains that it "in no way seeks to delay" and "is not seeking to bifurcate or stay the current proceedings." Dkt. #13, at 1. I will hold Acuity to that representation, and intervention is allowed on the understanding that it will not delay the current case schedule. Any additional deadlines for new claims, motions or responsive pleadings will be set by the Federal Rules of Civil Procedure.

ORDER

IT IS ORDERED that Intervenor Defendant Acuity's unopposed motion to intervene, dkt. #12, is GRANTED.

Entered this 17th day of May, 2017.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge